U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 6 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANNIE MAE JACKSON SNEED<br>Appellant | CIVIL ACTION<br>NO. 1:08-cv-00942 |
| VERSUS | |
| MICHAEL J. ASTRUE<br>COMMISSIONER OF SOCIAL SECURITY<br>Appellee | MAGISTRATE JUDGE JAMES D. KIRK |

RULING

Annie Mae Jackson Sneed ("Sneed") filed an application for Disability Insurance Benefits ("DIB") on or about May 7, 2001. In her application, she set forth a disability date of November 8, 2000 due to hip, back and shoulder injuries suffered in a work related slip and fall. (R. 55-58). The claim was initially denied and Sneed timely filed a request for hearing before an Administrative Law Judge ("ALJ"). (R. 39).

Administrative Law Judge, Lyndell Pickett, held a hearing on June 14, 2002 and issued a decision on September 27, 2002 finding Sneed was capable of doing a slightly limited range of light work and, therefore, was not disabled. Sneed sought review by the Appeals Council but the request was denied on April 9, 2004. (R. 4-6, 15). Accordingly, Sneed filed a complaint in the Western District of Louisiana, civil action number 04-1120 S.

On December 28, 2004, in light of the Commissioner's unopposed motion to remand, the magistrate judge remanded the matter to the

Commissioner under sentence four of 42 U.S.C. §405(g). (04-1120 S, Doc. Items 13 and 14). The Appeals Council then vacated ALJ Picket's decision and remanded the matter to ALJ Neil White for further proceedings citing among the reasons the fact that Sneed was awarded benefits on a separate application with the start date being September 28, 2002. (R. 307-311).

A new hearing was held before ALJ White on December 5, 2006. (R. 497-527). In attendance were Sneed, her attorney, John Q. Davis, her husband, William Sneed, medical expert, George R. Smith, and vocational expert, Lester E. Soileau. The ALJ issued an unfavorable decision on December 14, 2006 and Sneed filed a timely appeal on December 22, 2006. (R. 288-289, 293-305). The Appeals Council declined review, and the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner"). Sneed then filed the instant action seeking judicial review of the Commissioner's decision.

To qualify for DIB under Title II of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. §1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the

impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

## SUMMARY OF PERTINENT FACTS

At the first hearing, Sneed testified that she worked as Certified Nursing Assistant ("CNA") since she was seventeen years old. Her only other job was driving a medical transport van. (R. 244). She advised that on November 8, 2000, while working as a CNA, she fell and sustained an injury which resulted in chronic pain in her left shoulder and coccyx. She advised that her injury limited her ability to lift anything over ten pounds, prevented her from driving long distances, resulted in her taking days rather than roughly an hour to clean her home, prevented her from standing more than three hours or sitting more than four or five hours, and required her to elevate her legs at least once a day for forty-five minutes to an hour. Accordingly, these limitations, particularly the lifting restriction imposed by her doctors, prevented her from returning to work as a CNA. (R. 246-251).

During the second hearing, the focus of which was the period of November 8, 2000 to September 27, 2002, Sneed testified that she could neither sit nor stand more than three to four hours a day and that her household chores were done by her husband and her sister. (R.506-507). Her husband testified that Sneed elevated her legs daily due to swelling and that the swelling in her shoulder, arm

and hand caused her to drop things. (R. 509-510).

Impartial medical expert, George R. Smith, M.D., testified that he reviewed Sneed's medical records and noted several doctors advised she could return to light work with restrictions regarding her ability to lift, work overhead and grasp. He opined that based on her medical records, including the absence of any significant imaging study findings or significant neurological deficits by any examiner, he did not see that she met any of the Listings during the time frame at issue. (R. 515-516).

Vocational expert, Lester Soileau also testified at the hearing and advised that based upon the ALJ's hypothetical, there were sedentary jobs in the national economy Sneed could perform: hospital admit clerk, taxi cab starter and information clerk. Soileau further advised that all three of these jobs allowed for a sit stand option which, in his opinion, would accommodate Sneeds sitting and standing limitations. However, he did concede that no jobs were available for those who were required to elevate their legs during the day. (R. 523-525).

The ALJ issued a decision in which he found Sneed: (1) met the insured status requirements through December 31, 2005; (2) had not engaged in substantial gainful activity since November 8, 2000; (3) suffered from severe impairments of rotator cuff tendonitis/ impingement of the left shoulder and continued low back pain; (4) did not have an impairment of combination of impairments that met

or medically equaled one of the listed impairments; (5) had the residual functional capacity to lift/carry ten pounds occasionally, sit three to four of eight hours, stand three to four of eight hours but could not pinch with the left hand, bend, squat, stoop or work at unprotected heights; (6) could not perform past relevant work; (7) was a younger individual; (8) had at least a high school education and could communicate in English; and (9) possessed the RFC to perform jobs that exist in significant numbers in the nation economy.  Therefore, the ALJ found Sneed did not meet the definition of disability from November 8, 2000 through September 27, 2002. (R. 293-305).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999).  For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).  Finding substantial evidence does not involve a simple search of the record for

isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340 (5th Cir. 1988); Dellolio, 705 F.2d at 125.

### ISSUES

Sneed raised the following issues for appellate review:

1. The Administrative Law Judge erred by failing to find Sneed disabled under Section 404.1569 and Rules 202.20 and 202.21, Table No. 2, Appendix 2, Subpart P, Regulations No. 4;[1]

---

[1] This argument is misplaced as both Rule 202.20 and 202.21 of the Medical Vocational Guidelines direct a finding of not disabled. Therefore, there could be no error on the part of the ALJ who ultimately found Sneed was not disabled. Further, the Commissioner is

2.  The Administrative Law Judge failed in his duty, as it relates to the burden of the Social Security Administration, in finding that there are jobs available in significant numbers in the economy that Sneed could maintain.

## DISCUSSION

The evidence in the record upon which the ALJ appears to rely in concluding Sneed was not disabled during the period of November 8, 2000 to September 27, 2002 includes the facts Sneed underwent conservative treatment, that her MRI studies were unremarkable and that her doctors released her to return to light work with restrictions on lifting. A significant amount of evidence in the record supports a finding that Sneed was released by her doctors to return to work on light duty with only a lifting restriction. For example, treating physician, David G. Levinsohn, M.D., reported on April 24, 2001 and May 3, 2001 that Sneed was restricted to lifting five pounds but she had no restrictions with respect to standing, walking or sitting. (R. 199, 204). Additionally, the physical therapist to whom Sneed was referred, Eugene Noel, Jr. M.Ed., LAT, PT, advised on March 26, 2001 that "Mrs. [Sneed] put forth VALID, CONSISTENT, and RELIABLE effort during the evaluation. According to the above results, she falls in the U.S. Department of Labor's LIGHT (1-10 lbs.)physical demand (PDC) based on her frequent

---

correct in stating that the evidence relied upon by Sneed with respect to this argument is not properly relied upon. ALJ Pickett's decision was vacated, Dr. Sandifer's report was rendered after the time period at issue and Dr. Galloway is a non-medical source, not a treating physician, so his report is not entitled to controlling weight.

lifting capacity." (R.175-176). Despite the fact the ALJ cited this and other similar evidence in his decision, he ultimately ignored it when he set forth Sneed's sitting and standing limitations in the residual functional capacity ("RFC").

In the decision, he writes:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity, from November 8, 2000 through September 27, 2002, to lift and/or carry 10 pounds occasionally; no pinching with the left hand; no bending, squatting, or stooping; stand/walk for three to four hours of eight; sit for three to four hours of eight; no work at unprotected heights. This is considered the extreme limits to be placed on the claimant in the face of Dr. Levinsohn releasing her to light duty on June 14, 2001. In all likelihood, she could have done more.

The limitation of sitting or standing no more than three to four hours is supported by both the testimony of Sneed and the April 24, 2001 finding of Sneed's treating physician, Robert C. Smith, M.D., that she cannot sit or stand more than 50% of the time. (R. 181). However, the ALJ does not cite any of this evidence in his decision. Rather, he notes he believes Sneed can do more than that set forth in his RFC. This is confusing, to say the least, as an RFC is supposed to set forth the *most* one can do despite his or her limitations or restrictions on a regular and continuing basis. That is, eight hours a day for five days a week, or an equivalent work schedule. Social Security Ruling 96-8p.

Also confusing is the ALJ's determination that Sneed can perform light and/or sedentary work even though he finds she can

neither sit nor stand more than three to four hours in an eight hour day. Sneed is correct in arguing that the limitations set forth in the RFC, as to her ability to sit and stand, qualify her for less than a full range of sedentary work. Social Security Ruling 96-9p defines the amount of time one must be able to sit to perform sedentary work. Specifically, it provides:

> In order to perform a full range of sedentary work, an individual **must** be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour workday, the unskilled sedentary occupational base will be eroded. The extent of the limitation should be considered in determining whether the individual has the ability to make an adjustment to other work.

Id. at 6. (Emphasis added).

It is not just the RFC which is inconsistent with the evidence cited by the ALJ. Statements made by the ALJ regarding Sneed's ability to perform jobs that exist in the national economy are contrary to what is in the record. The ALJ states:

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rules 201.28 prior to her 45th birthday and 201.21 subsequent to her 45th birthday. However, the claimant's ability to perform all of substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs existed in the national economy for an individual with the claimant's age, education, work experience and residual functional capacity from November 8, 2000 through September 27, 2002.

(R. 304). However, a review of the hearing transcript shows that the RFC posed to the VE was not the one set forth in the decision. Rather, he asked the VE about someone who was limited to standing three-fourths of the workday or sitting three-fourths of the workday not 50% of the day or less. (R. 522).

In response to the hypothetical including these sitting and standing limitations, the VE advised that Sneed could perform the sedentary jobs of hospital admit clerk, taxicab starter and information clerk. (R. 523). As sedentary requires sitting at least six hours and Sneed is limited to three to four hours, she is incapable of either a full range of sedentary work or light work. Therefore, the jobs suggested by the VE and adopted by the ALJ are not suitable for Sneed. Further, despite the VE's contention that the jobs of hospital admissions clerk and taxi cab starter allow for a sit stand option, no such option was provided for by the ALJ in the RFC.[2]

Because the decision is internally inconsistent, the RFC does not correspond with the determination Sneed could perform either light work or a full range of sedentary work and because there is not enough information in the record to determine whether or not there are any such jobs available which Sneed could maintain,

---

[2] As set forth in 96-9p, "the RFC assessment must be specific as to the frequency of the individuals need to alternate sitting and standing." 96-9p at 7.

substantial evidence does not support the Commissioner's determination of not disabled.

## Conclusion

Accordingly, IT IS ORDERED that the finding of not disabled be REVERSED and the matter be REMANDED for further proceedings consistent with the views expressed herein.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 26th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE